```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

LISA HENSON,                     )
                                 )
                  Plaintiff,     )
                                 )
     v.                          )    No. 09 C 5322
                                 )
HITACHI DATA SYSTEMS CORPORATION,)
                                 )
                  Defendant.     )
```

### MEMORANDUM ORDER

Hitachi Data Systems Corporation ("Hitachi") has filed its Answer, coupled with what it labels "Defendant's Specific Defenses," to the First Amended Complaint ("Complaint") brought against it by its ex-employee Lisa Henson ("Henson").[1] This memorandum order is issued sua sponte because of the problematic aspects of most of those affirmative defenses ("ADs"):

   1. AD 1, the essential equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion, is stricken. Even apart from the general inapplicability to mine-run employment discrimination cases of the recent Twombly-Iqbal shift to a "plausibility" requirement, it would be extraordinarily ironic to apply Rule 12(b)(6) to the court-furnished form of Complaint of Employment Discrimination for use by pro se

---

[1] Although Henson's most recent filing was captioned "Amended Complaint," all that she did was to add "Corporation" to Hitachi's name as she had listed it in her original filing. That change was occasioned by the refusal of registered agent CT Corporation to accept service of process because the original pleading did not track with Hitachi's corporate name.

litigants, particularly where (as here) a copy of the employee's EEOC-filed Charge of Discrimination has been attached to that Complaint form.

2. AD 2 charges that Henson's "claims are barred to the extent that they arose outside the applicable statute of limitations." "To the extent" is a telltale tipoff that a defendant has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs. If Hitachi believes that it has some statute of limitations problems with Henson's Complaint, those must be better particularized--and meanwhile AD 2 is stricken as well.

3. AD 3 is comparably imprecise. It too is stricken.

In the meantime this Court has recently appointed an attorney to represent Henson pro bono publico, and a status hearing was previously set for today's date. During that status hearing appointed counsel indicated that he may decide to file a revised pleading on Henson's behalf. That being so, Hitachi's lawyers may hold off on any attempt at curative measures until after Henson's counsel reaches a decision in that respect.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 23, 2009